IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 23 CR 354 |
| | ) | JUDGE PATRICIA GAUGHAN |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MOTION TO WITHDRAW** |
| CHRISTEN CLARK | ) | **DEFENDANT'S GUILTY PLEA** |
| | ) | |
| Defendant. | ) | (Oral Hearing Requested) |
| | ) | |

Now comes the Defendant, CHRISTEN CLARK, by and through his counsel, James J McDonnell, and hereby respectfully requests this Honorable Court withdraw his guilty plea pursuant to Fed. R. Crim. P. Rule 11(d).  Withdrawal of Mr. Cark's guilty plea will not prejudice the government and would serve the interests of justice in allowing the Defendant to exercise his right to a trial by jury as guaranteed by the United States Constitution.  Defendant respectfully requests the right to supplement this Motion once the expedited change of plea transcript is provided by the Court reporter.

**I.     PROCEDURAL HISTORY**

Mr. Clark was named in a six count indictment on June 29, 2023 for allegedly violating count one: 21 U.S.C. § 841a1,b1A,b1B and 846 Conspiracy with Intent to Distribute, counts 2,3 and 4, 21 U.S.C 841a1, b1a and b1B, Possession with Intent to Distribute, Count 5 18

1

U.S.C. 922g1, Possession of Firearm and Ammunition by Convicted Felon and Count 6,  18 U.S.C. 924c1A Possession of a Firearm in Furtherance of a Drug Trafficking Crime.  This Honorable Court appointed Kevin Spellacy to represent Mr. Clark on July 6, 2023.  Mr. Clark then retained Mr. Hardiman on July 11, 2023. Mr. Clark then hired Owen Kalis on September 7, 2023. Mr. Kalis filed several motions and on May 2, 2024, the defendant entered into a written plea agreement to all six counts.  The Defendant was referred to the Probation for the preparation of a Presentence Investigation Report.   His sentencing hearing was scheduled for August 28, 2024.  On May 13, 2024, Mr. Kalis filed a motion to Withdraw as Counsel because he was facing disciplinary problems and resigned from the practice of law. On June 25, James McDonnell was appointed to represent Mr. Clark.  Mr. Clark then sent a letter to the court requesting that he be allowed to withdraw his plea.

Mr. Clark states that 1. He never saw the evidence. 2. Mr. Kalis did not explain to him the consequences of his plea.  Mr. Kalis never informed Mr. Clark that he was facing disciplinary problems with the Ohio Supreme Court

## II.      LAW & ARGUMENT

Pursuant to Rule 11(d),[a] defendant may withdraw a plea of guilty:… (2) after the court accepts the plea but before it imposes sentence if: (B) the defendant can show a fair and just reason for requesting the withdraw.  Fed. R. Crim. P. 11(d)(2). When assessing whether the defendant has shown a fair and just reason, the Court may consider the totality of the circumstances, including the following seven factors: (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason

for the failure to move for withdraw earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. (quoting *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994)).  The factors listed above constitute a nonexclusive list, with no particular factor controlling, and we need not engage in an analysis concerning all seven factors. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996).  The purpose of the rule "is to allow a hastily entered plea made with unsure heart and confused mind to be undone . . . ." *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991), *cert. denied*, 502 U.S. 1117 (1992).

Mr. Clark claims that his plea of guilty in this case was not made knowingly, voluntarily, or intelligently. When considering the *Bashara* factors, Mr. Clark alleges that counsel misinformed him as to the allegations and the evidence against him when he pled guilty. Mr. Clark claims that he felt rushed into changing his plea before having a chance to review all of the evidence the government had obtained against him and prior to having an opportunity to consider all the pretrial motions that could be filed on his behalf.

There is minimal prejudice to the government if Mr. Clark would be permitted to withdraw his plea because the offense occurred approximately one (1) year ago.  The Defendant does not have any codefendants named in the Indictment against him.  The government would still be able to find potential witnesses and properly prepare for trial.  Counsel has not yet had the opportunity to review the Change of Plea colloquy but has

requested an expedited version of that transcript.  Therefore, counsel reserves the right to add or supplement his arguments made within this Motion once that transcript is reviewed.

**III.	CONCLUSION**

Therefore, Mr. Clark respectfully requests this Honorable Court to grant his motion to withdraw his plea of guilty and schedule this matter for trial or, in the alternative, grant Mr. Rivera and oral hearing on this motion.

Respectfully Submitted,

/s/ James J McDonnell_____
James J McDonnell, (#0005802))
Attorney for the Defendant
2100 Public Square, Suite 2100
Cleveland, OH 44113
(216) 798-0346
jamesjmcdonnell@sbcglobal.net

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July    2024, a copy of the foregoing Motion was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ James J McDonnell_____
JAMES J MCDONNELL
Attorney for the Defendant