IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

- - - - -

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               ) Case No. 5:23CR354
                                   )
     vs.                           )
                                   )
CHRISTEN CLARK,                    )
                                   )
          Defendant.               )

- - - - -

TRANSCRIPT OF PROCEEDINGS HAD BEFORE THE HONORABLE

JUDGE PATRICIA A. GAUGHAN, JUDGE OF SAID COURT,

ON THURSDAY, MAY 2ND, 2024,

COMMENCING AT 9:30 O'CLOCK A.M.

- - - - -

Court Reporter:          GEORGE J. STAIDUHAR
                         801 W. SUPERIOR AVE.,
                         SUITE 7-184
                         CLEVELAND, OHIO 44113
                         (216) 357-7128

- - - - -

APPEARANCES:

    On behalf of the Government:

        OFFICE OF THE U.S. ATTORNEY - Akron
        BY:  PETER E. DALY, AUSA
        208 Federal Building
        2 South Main Street
        Akron, OH 44308


    On behalf of the Defendant:

        LAW OFFICE OF OWEN D. KALIS
        BY:  OWEN D. KALIS, ESQ.
        Ste 240
        6605 Longshore Street
        Dublin, OH 43017


- - - - -

P R O C E E D I N G S

THE COURT:  Okay, folks.  Let's go on the record.

We are here in the matter of United States of America versus Christen Clark, Case No. 23CR354.

Present in Court is Mr. Clark.  Is that correct, sir?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Represented by his attorney, Mr. Owen Kalis.

On behalf of the Government, Mr. Pete Daly.

This was set for a change of plea hearing at 9:30.  It is -- I am not certain of the exact time, but it is past 9:45 at this point.

And it is apparent to this Court that Mr. Clark is not prepared to enter a change of plea.

Therefore, I am going to remind counsel that trial is set May 21st at 9:00 o'clock a.m.  I am not in receipt of trial briefs because it was anticipated this was going to be change of plea.  I am going to require trial briefs be due May 9th.

Any problem with that, Mr. Daly?

MR. DALY:  No, your Honor.

THE COURT:  Mr. Kalis?

MR. KALIS:  No, your Honor.

THE COURT:  So Mr. Clark, it is my obligation -- Mr. Clark?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  -- it is my obligation to put on the record what you are facing if you go to trial and you are found guilty versus what you are facing if you plead guilty.  I do not care what you do, but I do care that you understand the risks you are taking in either event, going to trial or pleading guilty.

I am going to ask Mr. Daly to put on the record what the Government believes you are looking at if you go to trial and you are found guilty versus pleading guilty pursuant to the plea agreement, and I do have a copy of that plea agreement before me.

Please listen very carefully.  At the conclusion, I am going to ask you if you have any questions of me.

Again, I repeat, I don't care if you plead guilty or go to trial.  I just want to make certain you know everything so you can make an intelligent, knowing, and voluntary decision.

Mr. Daly?

MR. DALY:  Thank you, your Honor.  First, statutorily, Counts 1, 2, and 3 carry the most significant penalty in this case.  Each of those counts

carries a penalty of a minimum of ten years up to a maximum of life in prison.

Count 4 would carry a minimum of five years and a maximum of 40 years.

Count 5, the felon in possession charge, has no minimum but carries up to 15 years.

And then Count 6 is a mandatory consecutive sentence of, at least, five years up to life.

If Mr. Clark were to proceed to trial, the Government believes that were he to be convicted on all counts, Counts 1 through 5 would group for sentencing, and the base offense level for that group would be 34, the Government believes that there would be a two-level increase for maintaining a drug premises, which would put him at a level 36.

The Government believes that Mr. Clark would fall under Criminal History Category IV, which places his Guideline advisory sentence on Counts 1 through 5 at 262 to 327 months.

There would then be the consecutive penalty for Count 6, which at the minimum of five years consecutive for that count would add 60 months.

So we would be at 312 months on the bottom end of the Guideline range and 387 months on the top end. That's after trial.

This plea agreement --

THE COURT:  Wouldn't it be 322 to 387?

MR. DALY:  It would, your Honor.  My math was incorrect, 322 to 387.  Thank you.

The plea agreement that has been offered contemplates the same grouping of the counts, the same base offense level 34, the same two-level enhancement for maintaining a drug premises but a three-level reduction for acceptance of responsibility, which places Mr. Clark at a 33, and again, at a Criminal History Category IV, he would then be at 188 to 235 months on Counts 1 through 5 and then the consecutive sentence for Count 6.

Assuming a five-year consecutive sentence, he would then be at 248 to 295 months.

So I guess, looking at the big picture with this plea agreement, the top end of his advisory Guideline range falls approximately two to two and-a-half years below the bottom end of his Guideline range were he to proceed to trial.

The plea agreement does not require the parties to recommend a sentence to the Court within that Guideline range.  The parties would be free to argue for any sentence that they deem appropriate.

The mandatory minimum under the plea agreement would be 15 years, and obviously, Mr. Clark

would be free to argue for that sentence if he chose.

THE COURT:  So if you took the lowest number of trial versus plea, there is -- there is a little over a six-year difference.

MR. DALY:  That's correct.

THE COURT:  Am I correct?

MR. DALY:  Yes.

THE COURT:  All right.

So Mr. Clark, let me begin by asking you, did you understand everything Mr. Daly said?

THE DEFENDANT:  Yes, except the end.

THE COURT:  Except what?

THE DEFENDANT:  The six-year difference.

THE COURT:  So he anticipates if you went to trial your offense level would be a 36 and a IV.  That's what he would anticipate if you were found guilty versus a 33 and a IV if you pled guilty.  Okay?

So the difference in the range there is 36 and a IV is 262 to 327.  The 33 is a 248 to 295.  Okay?  But in each, you have Count 6, which is the minimum of 60 months consecutive.

So your minimums, minimums in each scenario, if you went to trial and you are found guilty, the minimum would be 322.  If you pled guilty the minimum is 248.

So if you take the 322 minus the 248, that gets you 74 months.  So if you pled guilty, you would be looking -- again, assuming minimum, and you know, there is no guarantees -- but if it is the minimums, 74 months is a little over six years, right?

Six times 12 is 72, so it is six years plus two more months because it would be 74.

MR. DALY:  And Judge, if I may just clarify, I understand you are using "minimum" to mean the bottom end of the Guidelines.  I know in my discussions with counsel and Mr. Clark minimum has been an issue.

So the minimum is still 15 years in either scenario.  The Judge is just talking about the bottom end of the Guidelines.

Am I correct?

THE COURT:  That's one hundred percent correct.  I am not talking statutory --

MR. DALY:  Right.

THE COURT:  -- mandatory minimums; I am speaking of Guideline range minimum meaning lowest end.

Because you have in Counts 1, 2, and 3 mandatory minimum of 120 months, and then if you add on the 60 months, it is 180.

Count 4, mandatory minimum of five years, which is 60 months plus another 60 months, which is 120

months. That's statutory.

When I say "minimum," I am talking about lowest end of the Guideline range. So if you were to go to trial and you are found guilty and I sentenced you at the minimum, you would be getting a total of 322 months. If you plead guilty and I give you the minimum, meaning the lowest end of the Guideline range, you would be getting 248.

So the difference is a little over six years. So pleading guilty saves you -- again, assuming lowest end -- it would save you six years. Any -- do you understand that? Any questions at all of me because I want you to understand everything.

THE DEFENDANT: Yes, I understand.

THE COURT: All right. I can't make this decision for you, but I can make sure you understand everything, and I should add Mr. Daly has indicated and what I am seeing in the copy of the plea agreement you are, in fact, free to ask for any sentence as long as it doesn't go below the statutory mandatory minimum, which would be 180 months.

THE DEFENDANT: Yes, Ma'am.

THE COURT: Do you understand that, sir?

THE DEFENDANT: Yes, Ma'am.

THE COURT: Okay. So it allows the

Government to argue if they wanted to for something higher than the advisory Guideline range.  It allows you to argue something lower than the advisory Guideline range but no lower than a total of 180 months.

And by the way, I am referring to paragraph 14 in the plea agreement.  The parties have no agreement about the sentencing range to be used or sentence to be imposed in this case, other than to stipulate to the computation of the advisory Sentencing Guidelines offense level.  Each party is free to recommend whatever sentence it believes to be appropriate.

MR. KALIS:  I'm so sorry your Honor.  Give me one second.

THE COURT:  All right.

MR. KALIS:  I think he is about to make a decision.

Do you want to initial each page, gone over it, and then sign on the 14th page?

(Pause.)

THE COURT:  All right.  Mr. Clark, you may approach the podium with counsel.

Sir, it is my understanding that you do wish to enter a plea of guilty to the six-count indictment.

Is that correct?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  All right.  I need to begin -- I need to ask you a series of questions.  If at any time you don't understand, let me know, and I will allow you to have time and privacy with your lawyer at any time.  I am going to begin by having you raise your right hand, and I am going to swear you in.

CHRISTEN CLARK

the Defendant herein, called as a witness, and being first duly sworn, was examined and testified as follows:

EXAMINATION

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  All right.  And sir, do you understand that you can be prosecuted for making any false statements during this hearing?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  How far in school did you go, sir?

THE DEFENDANT:  Tenth.

THE COURT:  How old are you right now?

THE DEFENDANT:  38.

THE COURT:  I'm sorry?

THE DEFENDANT:  38.

THE COURT:  Are you a citizen of the United States?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Are you presently under the influence of any alcohol or any narcotic drug, or have you recently taken any medication?

THE DEFENDANT:  No, ma'am.

THE COURT:  Are you on probation, parole, community control, supervised release or anything of that nature for any offense?

THE DEFENDANT:  No, ma'am.

THE COURT:  Are you satisfied with the representation of your attorney?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Sir, you have certain basic rights, which I will now outline for you.  These are the rights you are giving up by pleading guilty.

Do you understand that you have a right to a trial by a jury, or you can have your case tried by me with the consent of the Government and the approval of this Court?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Do you understand that you have a right to confront and cross examine the Government's witnesses?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Do you understand that you have

a right to subpoena witnesses and present evidence on your own behalf?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Do you understand that you have a right to a lawyer throughout all proceedings, a lawyer retained or appointed if you cannot afford one?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Do you understand, sir, that if you had decided to go to trial you would have had the right to testify or the right not to testify, and had you gone to trial and not testified, nobody would have been permitted to comment on that fact.

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  You are presumed innocent unless you are proven guilty beyond a reasonable doubt.

Do you understand, sir, that you don't have to prove anything at all?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  And do you understand that by pleading guilty you are giving up all of these constitutional rights that I have just outlined for you?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  And certainly, sir, you understand that you don't have to plead guilty here; you

may maintain your plea of not guilty originally entered?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  All right.  Sir, I have before me a document entitled "plea agreement."  I am looking on the last page.  Your name is typewritten, a signature above it with today's date of May 2nd.

Did you, in fact, sign and date this agreement?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  And sir, did you initial the bottom of each page?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Did you go over this agreement with your attorney?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  And you've read it?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Is there anything in here you do not understand?

THE DEFENDANT:  No, ma'am.

THE COURT:  All right.  Sir, I am not going to read the whole thing out loud in open Court.  I am going to ask you about some of the terms.  The terms that I don't mention, understand they are still very

important, and you can ask me a question about anything at all in here.

I am looking on page 2, paragraph 2. Count 1 is for a violation of Title 21 United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(B), and 846, conspiracy to possess with intent to distribute cocaine, fentanyl, and methamphetamine.

Do you understand that charge, sir?

THE DEFENDANT: Yes, Ma'am.

THE COURT: Counts 2 and 3 are for a violation of Title 21 United States Code, Section 841(a)(1) and (b)(1)(A); Count 2, possession with intent to distribute cocaine; Count 3, fentanyl.

Do you understand those charges?

THE DEFENDANT: Yes, Ma'am.

THE COURT: Now, sir, for each of those Counts 1, 2, and 3, the statutory penalty is as follows:

Mandatory minimum of ten years up to a maximum of life;

Maximum fine, $10 million dollars;

Minimum period of supervised release, five years up to life;

Special assessment as to each count, $100 due and payable on the date of sentencing.

Do you understand the statutory penalty for each of those counts?

THE DEFENDANT: Yes, Ma'am.

THE COURT: Count 4, sir, is for a violation of Title 21 United States Code, Section 841(a)(1) and (b)(1)(B), possession with intent to distribute methamphetamine.

Sir, do you understand that charge?

THE DEFENDANT: Yes, Ma'am.

THE COURT: Statutory penalty: Maximum term of imprisonment, 40 years;

Minimum -- mandatory minimum term, five years;

Maximum fine $5 million dollars;

Four years minimum supervised release up to life;

$100 special assessment.

Understood?

THE DEFENDANT: Yes, Ma'am.

THE COURT: Count 5 is for a violation of Title 18 United States Code, Section 922(g)(1), felon in possession of a firearm and ammunition.

Do you understand that charge?

THE DEFENDANT: Yes, Ma'am.

THE COURT: Maximum term of imprisonment,

15 years;

Maximum fine, $250,000;

Maximum supervised release, three years;

$100 special assessment.

Understood?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Count 6, violation of Title 18 United States Code, Section 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking crime.

Do you understand that charge?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  And then it states that the minimum term of imprisonment is five years consecutive to any other sentence imposed;

Maximum fine, $250,000;

Maximum period of supervised release, five years;

Special assessment, $100.

Understood, sir?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Paragraph 5, sir, is entitled "forfeiture."

Do you understand what you are forfeiting or giving up pursuant to that paragraph?

THE DEFENDANT:  Yes, Ma'am.

THE COURT: Now, sir, if you would turn to page 5, paragraph 11 sets forth the elements of the offenses in Counts 1 through 6, the elements that the Government must prove beyond a reasonable doubt.

Do you understand them?

THE DEFENDANT: Yes, Ma'am.

THE COURT: Do you need me to go over them with you?

THE DEFENDANT: No, ma'am.

THE COURT: All right. Now, sir, do you understand that it is my job to come up with a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing. And in so doing, I look at a number of factors.

I must take into account the statutory penalty and, in particular, any mandatory minimum requirements, which means it is mandatory on me. I have no discretion.

I look at the seriousness of the offenses, your personal history and characteristics, the issues of deterrence, protecting the public, rehabilitation, disparity in sentencing, and I look at Sentencing Guidelines, which are advisory, not mandatory but advisory in nature.

Does all of that make sense?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Paragraph 14 states you have no agreement about the sentence or sentencing range, and each party is free to recommend whatever sentence it believes to be appropriate with the understanding that I am not permitted to go below any mandatory minimum time required by statute.

Understood?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  The next paragraph basically states recommendations in this agreement are not binding on me, and once I have accepted your plea of guilty, you won't have the right to withdraw it if I don't accept a recommendation or for any other reason you are dissatisfied with your sentence.

Understood?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Paragraphs 17 and 18, sir, set forth what you and the Government are recommending I find by way of the Sentencing Guidelines.  So you and the Government are recommending I find your offense level before acceptance of responsibility as to group 1 is a 36, and then paragraph 18 says three levels should be deducted for acceptance of responsibility, assuming you continue to act accordingly, for a total offense level of

33.

And then Count 6 states that the base offense level is 60 months consecutive to any other sentence imposed.

Sir, do you understand how your lawyer and the Government's lawyer came up with the numbers in paragraphs 17 and 18?

THE DEFENDANT: Yes, Ma'am.

THE COURT: Paragraph 20 basically states that you are giving up your right to appeal your conviction or sentence and to challenge your conviction or sentence collaterally through a post-conviction proceeding.

But you do reserve the right to appeal any sentence to the extent it exceeds the maximum of the sentencing imprisonment range determined under the Guidelines in accordance with the numbers in this agreement that I just went over with you using the Criminal History Category that I find to be applicable.

Understood?

THE DEFENDANT: Yes, Ma'am.

THE COURT: The next page, sir, you see a heading "factual basis and relevant conduct." It goes over to all of page 10, all of page 11. This is what the Government claims you did wrong.

Is all of that true and accurate?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  I'm sorry, sir?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Sir, before I ask -- I'm sorry.

Mr. Daly, do you have anything to add to the factual basis?

MR. DALY:  No, your Honor.  Thank you.

THE COURT:  Before I ask you how you plead, do you have any questions whatsoever of me?

THE DEFENDANT:  No, ma'am.

THE COURT:  Do you need anymore time with Mr. Kalis?

THE DEFENDANT:  No, ma'am.

THE COURT:  Knowing all that I have just outlined for you, how do you plead to Counts 1 through 6?

THE DEFENDANT:  Guilty.

THE COURT:  And in making this plea, do you understand that no one can make any promises for me as to what I am going to do in your case?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Has anyone made any promises to you other than those set forth in your plea agreement, or has anyone threatened you to convince you to plead?

THE DEFENDANT:  No, ma'am.

THE COURT:  Is your plea voluntarily made and of your own free will?

THE DEFENDANT:  Yes, Ma'am.

THE COURT:  Sir, I find there to be a factual basis for your plea of guilty.  I accept your plea agreement, and I accept your plea of guilty.

I will refer your matter to the Probation Department for a presentence investigation report.  Your sentencing date is, Mary?

COURTROOM DEPUTY:  August 28th at noon.

THE COURT:  Mr. Kalis, any problem with that date or time?

MR. KALIS:  No problem, your Honor.

THE COURT:  Mr. Daly, I assume it is okay?

MR. DALY:  That works, your Honor.  Thank you.

THE COURT:  All right.  Mr. Clark, you will be back here August 28 at noon.  Mr. Kalis, anything further for today?

MR. KALIS:  Nothing further, your Honor. Thank you.

THE COURT:  And Mr. Daly?

MR. DALY:  Nothing further.

THE COURT:  And Mr. Clark?

THE DEFENDANT:  No, ma'am.

THE COURT:  All right.  You are all set, Mr. Clark.

(Hearing concluded at 10:25 a.m.)

- - - - -


C E R T I F I C A T E

I, George J. Staiduhar, Official Court Reporter in and for the United States District Court, for the Northern District of Ohio, Eastern Division, do hereby certify that the foregoing is a true and correct transcript of the proceedings herein.



s/George J. Staiduhar
George J. Staiduhar,
Official Court Reporter

U.S. District Court
801 W. Superior Ave., Suite 7-184
Cleveland, Ohio 44113
(216) 357-7128